## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mordechai Goldhirsch, individually and on behalf of all others similarly situated,<br><br>                                      Plaintiff,<br><br><br><br><br>      -v.-<br><br>Midland Credit Management, Inc.,<br><br>                            Defendant(s). | Civil Action No: 7:21-cv-5327<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Goldhirsch (hereinafter, "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. (hereinafter, "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* §l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of New York, County of Rockland.

8.    Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service at Corporation Service Company, 80 State Street, Albany, New York, 12207.

9.    Upon information and belief, Defendant is a company that use the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

### CLASS ALLEGATIONS

10.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.    The Class consists of:

    a.  all individual consumers in New York;

    b.  to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of Capital One Bank (USA), N.A.;

    d.  attributing "payments and credits" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.    An alternative class consists of:

    a.  all individual consumers in New York;

    b.  to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of Capital One Bank (USA), N.A.;

    d.  characterizing "payments and credits" as one category, without clearly disclosing when a payment is made;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § l692e. et seq.

16.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e et seq.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.    At a time better known to Defendant, an obligation was allegedly incurred to the original creditor, Capital One Bank (USA), N.A. (hereinafter "Capital One").

22.    On or about December 16, 2019, Capital One transferred the defaulted debt to Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

23.    The original subject obligation arose out of credit card transactions. The subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically a Capital One World MasterCard.

24.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

25.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

26.     Defendant uses the instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6)

*Violation – April 12, 2021 Validation Letter*

27.     On or about April 12, 2021, Defendant sent the Plaintiff a validation letter ("Letter") in response to a letter Plaintiff sent to the Defendant disputing the validity of the subject debt. (See "Letter" at Exhibit A.)

28.     In relevant part, page 2 of Defendant's Letter states:

Charge-Off Date:              11/9/2019

Last Payment Date:            2/20/2020

Charge off Amount:            $8,481.75

(Less) Payments and Credits: ($236.18)

Current Balance:              $8,245.57

29.     Upon information and belief, Plaintiff did not make a payment to Defendant in the amount of $236.18.

30.     The last payment date is listed as February 20, 2020, which is about three and a half months subsequent to the date that Capital One charged off the subject debt and sold the related account to Defendant.

31.     The line item in the Letter lists $236.18 as "payments and credits." The amount listed is either a payment or a credit. As Plaintiff did not make any payments to the Defendant post-charge-off, the only other option remaining is that this amount reflects a credit.

32.     However, upon information and belief, Defendant did not sua sponte credit the account for $236.18.

33.     Furthermore, if $236.18 reflected a true credit, Defendant would have sent notification to Plaintiff, providing its reason for crediting the subject account.

34.     No such notice was provided to Plaintiff describing the $236.18 other than the Letter attached hereto as Exhibit A, which only characterizes the $236.18 amount as "payments and credits."

35.     Therefore, the nature of the $236.18 amount is unknown and its deduction from the charge off amount was in error.

36.     Thus, Defendant misstates the current balance on the account and the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

37.     One consumer may reasonably understand that if he pays the stated "current balance" he will satisfy his debt in full.

38.     Another consumer may reasonably understand that the $236.18 "payments and credits" was a mistake, such that paying the stated "current balance" would not in fact satisfy his debt in full.

39.     In the alternative, assuming *arguendo* that Plaintiff did in fact make a $236.18 payment (which upon information and belief he did not), Defendant did not clearly characterize the $236.18 value as a payment.

40.     Describing "payments and credits" in one line item is misleading.

41.     Payments refers to an amount paid by the consumer, while credits refers to an amount credited by the owner of the debt.

42.     Although payments and credits both function to reduce the total amount of the balance, they have materially different legal implications on the debt in general.

43.     A payment restarts the statute of limitations for bringing a lawsuit on the underlying debt, while a credit does not.

44.     Characterizing one line item as both "payments and credits" has the affect of confusing consumers – a consumer will not be able to discern from the language of the letter if the referenced amount is a payment or a credit.

45.     Thus, the characterization as "payments and credits" is deceptive and misleading.

46.     In fact, Defendant has engaged in a pattern and practice of attributing purported "payments and credits" to consumers that do not reflect any activity on the account which is attributable to the consumer, without disclosing that fact.

47.     Defendant created and inserted numbers as "payments and credits" which are not attributable to the consumer.

48.     Regarding the subject incident, the implication of the $236.18 value is that it represents actual activity on the account and is attributable to the consumer's action or request.

49.     The inclusion of "payments and credits" which post-date any actual account activity by the consumer, without disclosure of the material fact that the "payments and credits" were not a result of real consumer activity is deceptive.

50.     Defendant seeks to collect an amount that misrepresents the total amount of debt due, in violation of 15 U.S. Code § 1692e et seq.

51.     In result, Plaintiff incurred an informational injury as Defendant misstated and mischaracterized the total amount of the debt.

52.     Plaintiff suffered an invasion of a legally protected interest in that the FDCPA protects consumers against false, deceptive, and misleading representations in connection with the collection of a debt, including a false representation of the character, amount and/or legal status of any debt.

53.     Plaintiff suffered injuries that are concrete and particularized, as the misrepresentations included in Defendant's Letter affected Plaintiff in a personal and individual way and actually exist.

54.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58.     Defendant violated §1692e:

    a.   As the characterization of "payments and/or credits" is deceptive, in violation of §1692e generally;

    b.   As the letter falsely represents the true character, amount and/or legal status of the debt in violation of §1692e(2)(A);

10

      c.  By making a false and deceptive representation in violation of §1692e(10).

59.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

60.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mordechai Goldhirsch, individually and on behalf of all others similarly situated, demands judgment from Defendant Defendant Midland Credit Management, Inc. as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 16, 2021

Respectfully Submitted,

/s/ Tamir Saland
**Stein Saks, PLLC**
By:  Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 122
Fax: (201)-282-6501
tsaland@steinsakslegal.com
*Attorneys for Plaintiff*